IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY LEE SUNDAY, #213453, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05-CV-942-F |
| | ) | [WO] |
| | ) | |
| GWENDOLYN MOSLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On October 4, 2005, Timothy Lee Sunday ["Sunday"], a state inmate, filed a civil action under 42 U.S.C. § 1983. However, he did not submit payment of the $250 filing fee nor did he file a motion for leave to proceed *in forma pauperis* pursuant to the provisions of 28 U.S.C. § 1915(a).

The records of this court demonstrate Sunday's history of filing cases summarily dismissed under the provisions of 28 U.S.C. § 1915(3)(2)(B)(i)-(iii). Thus, any application for leave to proceed *in forma pauperis* would be subject to denial pursuant to the directives of 28 U.S.C. § 1915(g). This section directs that a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of

serious physical injury."[1]  Sunday, while incarcerated, has on at least three occasions had 42 U.S.C. § 1983 cases dismissed as frivolous, malicious, for failure to state a claim, and/or for asserting claims against defendants who were immune from suit pursuant to the provisions of 28 U.S.C. § 1915.  The cases on which the court relies in finding a violation of the directives of § 1915(g) are:  (1) *Sunday v. Walker, et al.*, Civil Action No. 00-D-853-E  (M. D. Ala. 2000), (2) *Sunday v. Walker, et al.*, Civil Action No. 00-D-852-E (M.D. Ala. 2000), and (3) *Sunday v. Meek*, Civil Action No. 00-T-850-E (M.D. Ala. 2000).

In the instant complaint, Sunday complains that on September 19, 2005 a correctional officer "threatened bodily harm and slapped me." *Plaintiff's Complaint* at 2. The allegations contained in the complaint fail to demonstrate that Sunday was "under imminent danger of serious physical injury" at the time he filed this cause of action as is required to meet the imminent danger exception to the application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189 (11th Cir. 1999).  Thus, even had Sunday sought leave to proceed *in forma pauperis*, such request would be due to be denied.  Moreover, since Sunday failed to pay the requisite $250 filing fee upon the initiation of this cause of action,

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment."

the court concludes that this case is due to be dismissed without prejudice.[2]  *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice" when the prisoner is not entitled to proceed *in forma pauperis* due to the provisions of § 1915(g) because the prisoner "must pay the filing fee at the time he *initiates* the suit.") (emphasis in original).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to pay the full filing fee upon the initiation of this case.

It is further

ORDERED that on or before October 21, 2005 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised

---

[2]Sunday is well aware of the requirement that he submit payment of the filing fee upon initiation of a 42 U.S.C. § 1983 action as this is the second such case he has filed in which this court relied on the provisions of 28 U.S.C. § 1915(g) to deny his request for leave to proceed *in forma pauperis.  See Sunday v. Barbour County, et al.*, Civil Action No. 2:04-CV-1065-F (M.D. Ala. 2004).  Moreover, in his appeal from the dismissal of the aforementioned case, the Eleventh Circuit Court of Appeals likewise utilized the provisions of 28 U.S.C. § 1915(g) to require "prepay[ment] of the entire appellate filing fee" and dismissed the appeal due to Sunday's failure to make such payment.  *Id*. at *Court Doc. No. 18 - March 3, 2005 Order of the Eleventh Circuit* at 2 and *Court Doc. No. 19 - April 12, 2005 Entry of Dismissal*.

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this day 7th of October, 2005.

/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE