IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TIMOTHY LEE SUNDAY, #213453, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>GWENDOLYN MOSLEY, et al., )<br>)<br>Defendants. ) | CIVIL ACTION NO. 2:05-CV-942-F<br>[WO] |

**ORDER ON MOTION**

On October 14, 2005, the plaintiff filed a document in which he seeks leave to proceed *in forma pauperis* in this cause of action. *See Court Doc. No. 3*. In support of this request, the plaintiff asserts that he has "insufficient income and property to enable him to pay the costs, fees, and expenses to pursue said action . . ." *Id*. at 2. The court therefore construes this document to contain a motion for leave to proceed *in forma pauperis* pursuant to the provisions of 28 U.S.C. § 1915(a). The records of this court demonstrate Sunday's history of filing cases which have been summarily dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Based on such history, his application for leave to proceed *in forma pauperis* is subject to denial pursuant to the provisions of 28 U.S.C. § 1915(g).

Section 1915(g) directs that a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Sunday, while incarcerated, has on

at least three occasions had 42 U.S.C. § 1983 cases dismissed as frivolous, malicious, for failure to state a claim, and/or for asserting claims against defendants who were immune from suit pursuant to the provisions of 28 U.S.C. § 1915. The cases on which the court relies in finding a violation of the directives of § 1915(g) are: (1) *Sunday v. Walker, et al.*, Civil Action No. 00-D-853-E (M. D. Ala. 2000), (2) *Sunday v. Walker, et al.*, Civil Action No. 00-D-852-E (M.D. Ala. 2000), and (3) *Sunday v. Meek*, Civil Action No. 00-T-850-E (M.D. Ala. 2000).

In the instant complaint, Sunday complains that on September 19, 2005 a correctional officer "threatened bodily harm and slapped me." *Plaintiff's Complaint* at 2. The allegations contained in the complaint fail to demonstrate that Sunday was "under imminent danger of serious physical injury" at the time he filed this cause of action as is required to meet the imminent danger exception to the application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189 (11th Cir. 1999). Thus, Sunday's motion for leave to proceed *in forma pauperis* is due to be denied. Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by Sunday on October 14, 2005 be and is hereby DENIED.

Done this day 18th day of October, 2005.

/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE