Timothy Lee Sunday, #213453
PLAINTIFF

V.

Gwendolyn Mosley, et al.,

Civ. Act. No. 2:05-CV-942-F [two]

## Plaintiff [Second] AMENDED Complaint

1. Plaintiff Timothy Lee Sunday Pro Se, for his Complaint state as follows:

### II. Parties, Jurisdiction And Venue

2. Plaintiff Timothy Lee Sunday was confined at Easterling C.F., and was, at all times relevant hereto, a Prisoner in the custody of the State Department of Corrections [ADOC], at the time of events relevant hereto, [STATE of Alabama]. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343 (3) and (4). The matters in controversy arise under 42 U.S.C. § 1983. The Court should consider and or note that Plaintiff intended to file this here action as "Tort" action in the Montgomery County Circuit Court, has requested of this Court Clerk and Montgomery Cir. Ct. Clerk why this Action was filed in this Middle District of Alabama Northern Division when Docket was captioned "To Montgomery

Plaintiff's Amended Complaint
oct. 17, 05

Circuit Court." Vanzetta Penn McPherson" United States Magistrate Judge ordered that the motion for leave to proceed in forma Pauperis filed by Sandy on oct. 17, 2005 be and hereby is denied. In Middle District of Alabama Northern Division In The District Court of the United States. (3) Venue Properly lies in this District Pursuant to 28 U.S.C. § 1391(b)(2), because the events giving rise to this cause of Action occurred at Easterling Correctional Facility in Clio, Alabama which is located within the Northern District of State. See Court Doc. No. 3.

3. Defendant "Blackman" is A Black Correctional officer who At All times relevant hereto was assigned to Easterling CF upon information and belief.

4. Defendant "officer Keeton" was, At All times relevant hereto, A Correctional officer at Easterling upon information and belief.

5. Defendant Gwendolyn Bosley, et Al, was, At all times relevant hereto, Warden of Easterling Correctional Facility.

## Facts

6. On or about 6-19-05 Around 11 Pm, Plaintiff was assigned to Purification [cleaning 3rd Shift] at Unit 66, Easterling C.F. "Bathroom Duties."

Pg-3-
Plaintiff's Amended Complaint
Oct. 14, 05

Correctional Officer Blackman slapped me [Plaintiff]! Correctional Officer Blackman entered unit 6b an Easterling Correctional Facility yelling, appeared very angry and smelled of "Alcohol". He continued to curse and threaten inmates contrary to his oath, required of Title 14 Code of Alabama 1975; When this officer commanded and led Plaintiff [Prisoner] out the door of 6B, into a side room roughly grabbing his arm shoving him into the room where the light was out. He smelled of strong alcohol liquire. and continued to curse, threaten bodily harm "slobbering", and he immediately reached out and slapped Plaintiff. He ordered: Back up off me prisoner. The next time I tell you to do something you better do it! Plaintiff attempted to speak and advise him that he were looking at another prisoner standing across the room [around 9 feet]: Attempted kindly. "My name is Tim officer. If I knew you were talking to me, I would have certainly obeyed your order.

Officer Blackman again threatened, cursing: I'll fuck you up! Lock you up! Write you up! I don't need to know your name white boy!

Say one more word. "I'll close your mouth for good!

Pg-4-
Plaintiff's Amended Complaint
Oct. 14, 05

7. On or about Oct. 14, 2005, the Plaintiff filed complaint in which he seeks leave to proceed in forma pauperis in this cause of action (Court Dc. No.: Civ. Ac. No. 2:05-CV-942-F[WO]. In support of this request the Plaintiff asserts insufficient income and property to enable him to pay the costs, fees, and expenses to pursue said action, and for such other and further relief as this Court may deem just and proper. The Court therefore construes this document to contain a motion for leave to proceed in forma pauperis pursuant to the provisions of 28 U.S.C. §1915(A), which of course is the original purpose behind 28 U.S.C. §1915. "Coppage v. United States 369 U.S. 438, 447, 82 S.Ct. 917, 922, 8 L.ed 2d 21 (1962); The records demonstrate Sunday's history of filing sets forth a claim of the physical environment in which inmates live and the constitution prohibits jail and prison officials from knowingly exposing inmates to conditions that deprive them of a basic human need. As one court has observed: "Prisons, of course, are not Hilton hotels. And disciplinary segregation units within prisons are not like rooms at a motel 6. But even nasty prisoners cannot be knowingly housed in ghastly conditions reminiscent of the Black Hole of Calcutta." Isby v. Clark, 100 F.3d 502, 505 (7th Cir. 1996); Farmer v. Brennan, 511 U.S. 825, 832 (1994); (Quoting Hudson v. Palmer 468 U.S. 517, 526-27 (1984);

Plaintiff's Amended Complaint
cd.(14-05/10-20-05)

Harris v. Angelina County, 81 F.3d 331, 335 (5th Cir. 94); Rhodes v. Chapman, 452 U.S. 337, 347-48 (1981); Ruiz v. Estelle, 679 F.2d 1115, 1141; French v. Owens, 777 F.2d 1250, 1252-53 (7th Cir. 1985); Wellman v. Faulkner 715 F.2d 269, 274 (7th Cir. 1983); See Newman v. State of Alabama 683 F.2d 1312 (1982) Before Morgan, T.J. Flat and Kravitch, Circuit Judges on July 15 and Dec. 14 1981, the district court ordered officials of the Alabama department of corrections to release from custody several hundred convicted state prisoners as a means of reducing unconstitutional overcrowding in the Alabama Prison System. The Supreme law of a nation or state: the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution require jail and prison officials to protect the health and safety of inmates. A form of right, power or protection that exists under the law: A Guide for conduct prescribed by law; rules of civil procedure, local rules, and rules of evidence govern the conduct of parties and their attorneys in lawsuits.

The cases which have been summarily dismissed under the provisions of 28 U.S.C. §1915(e)(2)(B)-(iii) is acts involving a departure from truth or accuracy; a mistake. 252 P.2d 550, 555. The Error Rule require an appellate court to reverse when obvious error. 635 P.2d 1161, 1164; Fundamental Right to a fair trial. 597 F.2d 1170, 1189. See Fed. R. Crim. P. 52(b).

Plaintiff Amended Complaint
10-19-05/10-20-05

8. Plaintiff wrote a letter to Warden, ECF officials, the Court that informed of Plaintiff's fear for his personal health and safety due to the situation between Plaintiff and Blackman. Vanzetta Penn McPherson, Warden, Prison officials denied the request.

9. The Right to Access to the Courts is based on the First and Fourteenth Amendment Right to Petition all Branches of Government for Redress of Grievances, on the Fifth and Fourteenth Amendment Guarantees of Due Process and Equal Protection of the law. Wolff v. McDonnell, 418 US 539, 579, 41 L.Ed. 2d 935, 94 S.Ct. 2963; Overton v. Bazzetta (2003) 156 L.Ed. 2d 162, AP 129 Id; Procunier v. Martinez, 416 US 396, 419, 40 L.Ed. 2d 224, 94 S.Ct. 1800, 71 Ohio Ops 2d 139; Cruz v. Beto, 405 US 319, 321, 31 L.Ed. 2d 263, 92 S.Ct. 1079, later app. (CA 5 Tex) 447 F.2d 496; Younger v. Gilmore 319 F.Supp. 105, 107, 111; Am Drake v. Hauck 452 F.2d 1079, 1022;

10. These acts represent a pattern of events demonstrating intentional retaliation against Plaintiff by defendants. Wherefore Plaintiff prays for Judgment in his favor and damages in his favor against all defendants $300,000.

Respectfully submitted _____
Pro Se

Certificate of Service

28 USC 3174E   _____
Pro Se

10-20-05